UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

APRIL ELISHA RANDLE,

    Plaintiff,

    v.

SHARDAI PEARSON, et al.,

    Defendants.

Case No. 2:25-CV-00234-GSL-JEM

**OPINION AND ORDER**

On May 23, 2025, April Randle, proceeding pro se, filed a Complaint [DE 1], Motion to Proceed In Forma Pauperis [DE 2], and Motion for a Temporary Restraining Order [DE 3]. For the below reasons, the Court denies the in forma pauperis and TRO motions.

**Discussion**

Notwithstanding the payment of any filing fee, the in forma pauperis statute calls for a court to dismiss the case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] 28 U.S.C. § 1915(e)(2)(B). In other words, her complaint is subject to a review on the merits. *See Northern v. Pedcor Mgmt. Corp.*, 2022 WL 1449610, *1 (N.D. Ind. May 9, 2022). Under this standard, a meritless complaint, such as one that does not support the exercise of federal jurisdiction, must be dismissed. *See id.* Here, Plaintiff seemingly raises two federal claims: one under the Fair Housing Act ("FHA") and one claiming a violation of her

---

[1] Since "the question is exactly the same under Rule 12(b)(6) and [§] 1915(e)(2)(B)(ii)," there is "'no reason to treat dismissals under § 1915(e)(2)(B)(ii) differently[.]'" *Coleman v. Labor and Industry Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017) (cleaned up). Therefore, to survive review under § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

Fourth Amendment rights. [DE 1, ¶¶ 13–14]. As pleaded, however, these claims have no possibility of success. And since the other claims are brought under state law, and there are no allegations that the parties are diverse from one another, dismissal of the entire complaint without prejudice is appropriate.

Based on the Complaint [DE 1] and the Motion for Temporary Restraining Order [DE 3], this appears to be a landlord-tenant dispute. Plaintiff is suing the property manager, the property management company, and a corporate officer of the property management company. [*Id.*, ¶¶ 7–9]. She alleges that the unit she is renting has cockroaches, leaking pipes, mold, mice, broken windows, faulty plumbing, and a lack of security features. [*Id.*, ¶ 10]. She also alleges that the security cameras installed in the garbage area violate her Fourth Amendment rights. [*Id.*, ¶ 14].

"The Fair Housing Act contains provisions making it unlawful for a person to discriminate on the basis of race, color, religion, sex, handicap, familial status or national origin in the sale or rental of housing." *Northern*, at *1 (cleaned up). "[I]t does not generally establish a right to a habitable home." *Id.*, at *2 (cleaned up). It seems Plaintiff is alleging that the conditions of her unit are retaliatory actions in violation of 42 U.S.C. § 3617, which prohibits the coercion, intimidation, threats, or interference with any person's right granted in other parts of the FHA statute. Plaintiff, who does not identify those rights, also fails to state the basis for the alleged discrimination. Therefore, since she does not claim to belong to any of the protected categories enumerated in the FHA, her Complaint does not state a viable FHA claim. Plaintiff's allegation that her Fourth Amendment rights have been violated also fails. The Fourth Amendment protects private citizens from *government* action. *See U.S. v. Jones*, 565 U.S. 400, 406–07 (2012). This complaint lacks sufficient allegations to state a Fourth Amendment violation under a civil rights statute, since there are no allegations concerning state action.

As for the Motion for Temporary Restraining Order [DE 3], this fails for the same deficiencies found in the Complaint. Moreover, it does not meet the requirements of Federal Rule of Civil Procedure 65, which requires specific facts, set forth in an affidavit or a verified complaint, that *clearly show* immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may respond. Fed. R. Civ. P. 65(b)(1)(A). Though Plaintiff claims that the conditions of her rental unit are injurious to her children, she does not do so with the required specificity. Finally, despite the alleged inhabitability, she seeks a TRO to "preserve the status quo." [DE 3, ¶ 20]. This seemingly refers to the requested injunction of future eviction proceedings. Aside from being premature, the Court is unable to decipher exactly what relief is requested. So, the TRO would fail for those reasons, too. As a result, her remaining requests, for a Preliminary Injunction and a "Relocation Order" are also denied.

Accordingly, because Plaintiff's Complaint fails to state a claim upon which relief can be granted by this Court, her Motion to Proceed In Forma Pauperis [DE 2] is **DENIED**, and her Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**. She will be afforded until **June 24, 2025**, to refile her complaint and motion to proceed in forma pauperis. If Plaintiff fails to timely refile, the Court will direct the Clerk to close the matter without further notice to Plaintiff. Consequently, and for the reasons discussed in this order, her Motion for Temporary Restraining Order [DE 3] is also **DENIED**.

SO ORDERED.

ENTERED: May 27, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court